# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BLOOM ENERGY CORPORATION,<br><br>    Petitioner,<br><br>v.<br><br>PAS CORPORATION,<br><br>    Respondent. | Case No. 23-mc-80040-BLF<br><br>**ORDER GRANTING PETITION TO CONFIRM ARBITRATION AWARD**<br><br>[Re: ECF 1] |

Petitioner Bloom Energy Corporation ("Bloom") has filed a petition to confirm an arbitration award under the California Arbitration Act ("CAA"), Cal. Civ. Proc. Code §§ 1280 *et seq*. *See* Pet., ECF 1. Respondent PAS Corporation ("PAS") was served with the petition but did not file a response. *See* POS, ECF 4. Bloom filed a reply confirming that PAS was personally served through its registered agent, and that in addition a copy of the petition was sent to PAS's counsel. *See* Reply, ECF 12. The Court has vacated the hearing previously set for August 24, 2023 and taken the petition under submission without oral argument. *See* Order Vacating Hearing, ECF 19.

The petition to confirm the arbitration award is GRANTED as discussed below.

**I.    BACKGROUND**

The following facts are drawn from the final arbitration award ("Arbitration Award") issued by the arbitrator in this case, the Honorable James P. Kleinberg (Ret.) of JAMS ("the Arbitrator"), and the October 4, 2019 Supply Agreement entered by the parties. *See* Pet. Ex. 1 ("Supply Agreement"), Ex. 3 ("Arbitration Award").

Bloom retained PAS to design and manufacture specialized equipment called a "skid" for use in treating natural gasses. *See* Arbitration Award ¶ 2. Bloom contracted with PAS for a first

1   skid to be installed in Perdido, Florida, and a second skid to be installed in Mountain View,

2   California. *See id.* at 2, 6. On October 4, 2019, Bloom and PAS entered into a Supply Agreement

3   that expressly merged all past agreements and dealings between the parties. *See* Pet. Ex. 1

4   ("Supply Agreement") § 22.11. The Supply Agreement contains an arbitration clause providing

5   that all claims arising under the Supply Agreement will be arbitrated before JAMS, and that either

6   party may enforce a resulting arbitration award under California Code of Civil Procedure § 1285,

7   which is a provision of the CAA. *See id*. § 22.4. The Supply Agreement also contains a choice of

8   law provision stating that the Supply Agreement will be construed under California law and that

9   the exclusive jurisdiction and venue for all disputes arising from the Supply Agreement will be the

10  state and federal courts located in Santa Clara County, California. *See id.* § 22.2

11  After the parties entered into the Supply Agreement, a dispute arose regarding PAS's

12  performance and Bloom exercised its contractual right to terminate the Supply Agreement. *See*

13  Arbitration Award at 5. PAS responded by filing suit against Bloom in Texas state court for

14  payment of outstanding invoices. *See id.* Bloom removed the suit to federal district court and

15  successfully moved to compel arbitration pursuant to the arbitration clause in the Supply

16  Agreement. *See id.* at 5-6. Consistent with the choice of law provision in the Supply Agreement,

17  the arbitration was scheduled with JAMS in Santa Clara County, California. *See id.* at 6.

18  The arbitration hearing was held over three days, June 29, 2022, June 30, 2022, and July 1,

19  2022. *See* Arbitration Award at 1. The Arbitrator issued the final Arbitration Award on January

20  27, 2023. *See id.* The Arbitrator found Bloom to be the prevailing party and found PAS's claims

21  and defenses to be without merit. *See id.* at 12. The Arbitrator awarded Bloom damages, fees,

22  and costs in the total amount of $573,363.32. *See id.* at 17. The Arbitrator directed that the award

23  was payable by PAS to Bloom as of the date of service of the Arbitration Award, and that interest

24  at the rate of 10% per annum would accrue from the date the Arbitration Award was filed and

25  served. *See id.* at 18.

26  **II.    DISCUSSION**

27  Bloom seeks to confirm the arbitration award under the CAA. The Supply Agreement is

28  "a contract evidencing a transaction involving commerce" that ordinarily would be governed by

the Federal Arbitration Act ("FAA").  *See Johnson v. Gruma Corp.*, 614 F.3d 1062, 1066 (9th Cir. 2010) (internal quotation marks and citation omitted).  "When an agreement falls within the purview of the FAA, there is a strong default presumption . . . that the FAA, not state law, supplies the rules for arbitration."  *Id*. (internal quotation marks and citation omitted, ellipses in original).  "To overcome that presumption, parties to an arbitration agreement must evidence a clear intent to incorporate state law rules for arbitration."  *Id*. (internal quotation marks and citation omitted).  A general choice of law provision is not sufficient.  *See id.*

In this case, the Supply Agreement specifically and unequivocally provides in the arbitration clause that "[e]ither party may enforce the award of the arbitration under California Code of Civil Procedure Section 1285."  Supply Agreement § 22.4.  Section 1285 is a provision of the CAA which states that:  "Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award. The petition shall name as respondents all parties to the arbitration and may name as respondents any other persons bound by the arbitration award." Cal. Civ. Proc. Code § 1285.  The invocation of § 1285 exhibits the parties' "clear intent" that the CAA's procedures shall govern.  *See Johnson*, 614 F.3d at 1067.

The Court therefore will evaluate Bloom's petition for confirmation under the CAA. Before doing so, however, the Court must satisfy itself that it has subject matter jurisdiction over the petition.  "[W]here the petition[] to confirm . . . the arbitration award [is] brought under a state arbitration statute, it is even clearer that the parties must establish either diversity or federal question jurisdiction before a federal court may hear [the petition]." *Carter v. Health Net of California, Inc.*, 374 F.3d 830, 833-34 (9th Cir. 2004).  The petition asserts the existence of diversity jurisdiction, as Bloom is a citizen of Delaware and California while PAS is a citizen of Texas.  *See* Pet. ¶ 3.  The Arbitration Award confirms that Bloom is headquartered in Northern California and PAS is headquartered in Texas.  *See* Arbitration Award at 2.  For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state of incorporation and the state where it has its principal place of business. See 28 U.S.C. § 1332(c).  Accordingly, the Court is satisfied that it has subject matter jurisdiction over the petition based on complete diversity of citizenship.

Turning to the merits of the petition, "[u]nder the California Arbitration Act, [t]he scope of judicial review of arbitration awards is extremely narrow because of the strong public policy in favor of arbitration and according finality to arbitration awards." *Branches Neighborhood Corp. v. CalAtlantic Grp., Inc.*, 26 Cal. App. 5th 743, 750 (2018) (internal quotation marks and citation omitted). "An arbitrator's decision generally is not reviewable for errors of fact or law." *Id*. (internal quotation marks and citation omitted). Judicial review of an arbitration award under the CAA is limited to statutory grounds for vacating or correcting an award, or certain "narrow exceptions," for example, where arbitrators exceed their powers. *Id*. Absent circumstances giving rise to one of those statutory grounds or narrow exceptions, "the court shall confirm the award as made" if a petition to confirm the award is "duly served and filed." Cal. Civ. Proc. Code § 1286. The petition must "(a) Set forth the substance of or have attached a copy of the agreement to arbitrate unless the petitioner denies the existence of such an agreement[;] (b) Set forth the names of the arbitrators[;] and (c) Set forth or have attached a copy of the award and the written opinion of the arbitrators, if any." Cal. Civ. Proc. Code § 1285.4. "If an award is confirmed, judgment shall be entered in conformity therewith." Cal. Civ. Proc. Code § 1287.4.

Bloom has complied with all statutory requirements for confirmation of the Arbitration Award under the CAA. The petition attaches a copy of the Supply Agreement containing the arbitration clause, sets forth the name of the Arbitrator, and attaches a copy of the Arbitration Award. The petition was properly filed in this Court and served on PAS. Accordingly, the petition to confirm arbitration award is GRANTED.

**III. ORDER**

(1) Petitioner Bloom's petition to confirm Arbitration Award is GRANTED;

(2) The Arbitration Award issued on January 27, 2023 is CONFIRMED;

(3) Judgment in conformity with the Arbitration Award will be separately entered; and

(4) This order terminates ECF 1.

Dated: May 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge

4